Filed 3/12/15  P. v. Cota CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065529 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS248950) |
| FRANK FLORES COTA, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

In June 2011, the People filed a complaint charging Frank Flores Cota, Jr., with fraudulent use of a contractor's license number (Bus. & Prof. Code, § 7027.3) (count 1), making misrepresentations and false promises likely to induce a person to enter into a contract (Bus. & Prof. Code, § 7161, subd. (b)) (count 2), obtaining money or property by false pretenses (Pen. Code, § 532, subd. (a)) (count 3), and grand theft (Pen. Code, § 487, subd. (a)) (count 4).

Cota pleaded guilty to fraudulent use of a contractor's license number (Bus. & Prof. Code, § 7027.3) (count 1). At sentencing, the trial court suspended imposition of sentence and placed Cota on three years of probation. The court reserved jurisdiction on the issue of victim restitution and set a hearing on this issue. After a hearing, the trial court entered a restitution order directing Cota to pay $197,824.15 in restitution to Juan and Maria Zarza (Maria) (collectively, the Zarzas), the victims of Cota's criminal conduct.

On appeal, Cota claims that the trial court erred in awarding this amount of restitution. Specifically, Cota argues that the trial court erred in awarding the Zarzas $30,551.95 to compensate them for attorney fees that they incurred related to Cota's criminal conduct. Cota contends that the Zarzas provided insufficient documentation to demonstrate that they in fact incurred attorney fees in this amount. We conclude that

2

Cota has failed to present an adequate record to review this claim, and we therefore affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Cota willfully and unlawfully used a contractor's license number that did not correspond to him with the intent to defraud.[1]

At a restitution hearing, Maria testified that she and her husband signed an agreement with Cota to remodel their house. The Zarzas gave Cota a total of $187,272.20 toward the project. Cota performed little of the work necessary to complete the remodel. The Zarzas also incurred $30,551.95 in attorney fees pursuing a lawsuit against Cota related to his criminal conduct. The prosecutor requested that the court enter a restitution order in favor of the Zarzas for $217,824.15, the sum of these two amounts.

The court awarded the Zarzas $197,824.15 in restitution. The court explained that it was awarding the Zarzas the amount that they were requesting amount, less $20,000, in light of work that Cota performed on the project.

---

[1] There was no trial in this matter, and thus we state the facts that formed the basis of Cota's guilty plea.

DISCUSSION

*Cota forfeited his contention that the trial court erred in awarding $30,551.95*
*in its restitution order to compensate the victims for attorney fees*
*that they incurred related to Cota's criminal conduct*

Cota claims that the trial court erred in awarding $30,551.95 in its restitution order to compensate the Zarzas for attorney fees incurred to prosecute a civil action against him related to his criminal conduct.  Cota contends that the "record does not support the trial court's conclusion as to the amount owed the victims in restitution for attorneys fees."

A.      *Governing law*

In criminal appeals, "[e]xhibits admitted in evidence, refused, or lodged are deemed part of the record, but may be transmitted to the reviewing court only as provided in rule 8.224."  (Cal. Rules of Court, rule 8.320(e).)[2]  Rule 8.224 requires that a request for transmittal of an exhibit be made "[w]ithin 10 days after the last respondent's brief is filed or could be filed under rule 8.220 . . . ."

An appellant has a responsibility to put before this court every part of the record necessary to review claims asserted on appeal.  (See, e.g., *People v. Whalen* (2013) 56 Cal.4th 1, 85 ["it is appellant's burden to present a record adequate for review and to affirmatively demonstrate error"].)

---

[2]      All subsequent rule references are to the California Rules of Court.

B.    *Application*

At the restitution hearing, the following colloquy occurred:

> "[The prosecutor]: And showing you what has been marked a 32-page document . . . that has been marked as court's [exhibit] 8 for identification.
>
> "[¶] . . . . [¶]
>
> "Are those documents concerning the amount of money that you paid for the legal services and the lawsuit against Mr. Cota?
>
> "[Maria]: Yes.
>
> "[The prosecutor]: And specifically referring you to the last page numbered 32, in the bottom right-hand corner of court's [exhibit] 8. This shows, these documents show that you paid the amount of $30,551.95 to your lawyer, correct?
>
> "[Maria]: Yes, that is correct.
>
> "[The prosecutor]: And is that the total sum of money that you paid your lawyer for this lawsuit?
>
> "[Maria]: Yes."

Exhibit 8 was received in evidence.

Despite citing to this portion of Maria's testimony, and raising the contention that the record does not contain evidence supporting the attorney fees component of the trial court's restitution order,[3] Cota failed to mention exhibit 8 in his briefing in this court and has failed to request that the exhibit be transmitted to this court, as is required.  (See rules

---

3    Cota contends "there was not submitted to any party or the court any documentation supporting her claim."

5

8.320 & 8.224.)  Without exhibit 8, the record is plainly inadequate to review Cota's appeal.[4]

Accordingly, we conclude that Cota has forfeited his contention that the record does not support the trial court's conclusion as to the amount owed the Zarzas in restitution for attorneys fees.[5]

IV.

DISPOSITION

The restitution order is affirmed.

AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McINTYRE, J.

[4]     Appellate counsel's failure to cite exhibit 8 in his brief and his failure to request the transmittal of the exhibit 8 to this court is, frankly, inexcusable, and renders this appeal wholly without merit.

[5]     Even assuming that Cota had not forfeited this claim, Maria's unrebutted testimony as to the amount of money expended on legal services related to Cota's criminal conduct clearly provided an adequate evidentiary basis for the trial court's restitution order.  (*People v. Taylor* (2011) 197 Cal.App.4th 757, 761 ["Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim."])